IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-CV-80407-KLR

FILED by _____ D.C.

JUL 16 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHN PINSON,

      Plaintiff,

vs.

COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA.

      Defendant.
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'

## MOTION FOR SUMMARY JUDGEMENT

Plaintiff asks the court to deny defendant's motion for summary judgment and states the following:

### Introduction

1.   Plaintiff is John Pinson; defendant is COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA (hereinafter COLLECTO).

2.   On March 13, 2012 plaintiff sued defendant for violations of the Fair Credit Reporting Act (hereinafter FCRA) in the County Court of the 15th Judicial Circuit in and for Palm Beach County, Case No. 502012SC004588XXXXMB.

3.   On April 17, 2012 defendant COLLECTO filed for removal of the case to Federal Court.

4.   On April 18, 2012 defendant COLLECTO filed an Original Answer.

5.    On July 3, 2012 defendant COLLECTO filed a motion for summary judgment on plaintiff's cause of action for violations of the FCRA.

6.    Summary judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FCRA: no permissible purpose to obtain plaintiff's credit report.


### Statement of Facts

7.    Defendants do not argue that they obtained the credit report of plaintiff.

8.    In defendant's motion for summary judgment defendant states COLLECTO was referred "accounts" of a John Pinson and therefore have permissible purpose to obtain plaintiff's credit report.

9.    There is a declaration attached to the motion stating that the "accounts" were referred from ATT.  It stated that those accounts had been previously referred by ATT to defendant COLLECTO.

10.    There is no documentation whatsoever annexed to the declaration or the pleading to evidence any contract or any other verified evidence of any alleged "accounts" with a John Pinson.

11.    There are no documents purporting to evidence transfer of ownership of the alleged "accounts" to COLLECTO or any documentation showing the actual existence of any alleged "accounts" from ATT or any other entity alleged to be in the chain of ownership.

12.    The declaration filed by the defendant refers to transactions involving referral or referral of ownership of the alleged "accounts" where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits.

2

13. There is no statement made in the declaration as to what type of alleged "accounts" (ie demand deposit, asset, credit, etc) the defendants are referring to as being referred to COLLECTO which could give them any permissible purpose to pull the credit report of the Plaintiff even if such "accounts" existed which has not been established through verified evidence before the court.

14. There is no verified evidence in any form that has been entered into the court record showing the account numbers, amounts alleged to be due, date of origination of the alleged "accounts", current status, or dates and terms of referral or transfer of ownership of the alleged "accounts".

15. Other than simple generic and non-specific statements in an affidavit made by an employee of defendant there is no evidence in any form of any "accounts" of John Pinson existing that would allow any permissible purpose for the defendant to obtain the credit report of the plaintiff under FCRA.

16. At no time in the declaration of John Burns did he state the dates of his employment with ATT to be able to testify to first-hand information regarding origination, books and records or referral or transfer of ownership of the alleged accounts.

17. At no time in the declaration of John Burns did he state he was, or ever had been, the custodian of records for or at ATT.


## **Standard of Review**

18. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. See

Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

19.   A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. J. Giles Band Employee Benefits Plan v. Smith Barney Shearson, Inc., 76 F3d 1245, 1251 (1st Cir. 1996); see Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Only if defendant meets their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

20.   In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. Garcia v. Pueblo Country Club, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

21.   For the defendant to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had a permissible purpose to obtain plaintiff's credit report.

22.   The defendant must therefore prove through evidence before the court rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

23.   The only evidence offered by the defendant is the declaration of John Burns, an employee of COLLECTO, which states nothing more than he is familiar with the alleged account,

some basic alleged details, it's alleged chain of ownership, exhibits which do not comport

with evidence under Federal Rules of Evidence, and the lawsuit filed by the plaintiff.

24.     The declaration states there is an account referred to COLLECTO that allegedly

originated with ATT but there is no documentation on the record whatsoever to show that

had occurred.

25.     There is not one document in the record submitted by the defendant as verified evidence

to show the existence of any alleged "account" indicating what type of account it is, who

the alleged original creditor is, its origination date, any amounts that may be owed, any

contract, or any identifying information regarding the alleged account.

26.     The declaration does nothing more than refer to facts not in evidence and refers to events

regarding chain of ownership of the alleged account where there is no verified evidence

of said alleged facts or events before the court.

27.     The statements in the declaration are nothing more than hearsay, are not supported by any

verified documentation whatsoever and should not be considered by the court.

28.     The statements in the defendant's motion attempting to use the declaration with no other

verified evidence to support it as a grounds for summary judgment are conclusory

without question and cannot support a motion for summary judgment. See Celotex Corp.

477 U.S. at 327, 106 S.Ct. at 2555.


**Objections**

29.     The evidence submitted in support of defendant's motion should not be considered by the

court because it is not properly authenticated, is hearsay, and refers to facts not in

evidence before the court. The court should strike the following summary judgment proof:

      a.      Declaration.  Defendant relies on a defective declaration.

- The declaration is not notarized as an authentic statement of John Burns.

- Defendant states in their motion they rely solely on a declaration provided by John Burns for "Summary Judgment Evidence" where the declaration annexed to this motion is found by plaintiff not properly executed and not follow format provided within 28 USC § 1746 which states "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)"."

- The declaration refers to facts not in evidence before the court.
- The declaration has not been authenticated before the court and is hearsay.


## **Summary Judgment Evidence**

30.   In the support of his response, plaintiff includes the following evidence in the attached appendix:

a.      Affidavits.  The affidavit of John Pinson establishes the fact that there is no evidence before the court that there is an account of John Pinson in existence or that COLLECTO is the owner of the account, or was referred the account and would have permissible purpose to obtain plaintiff's credit report, and that John Pinson never gave COLLECTO permission to obtain his credit report.

## **Conclusion**

31.     The defendant has not met their burden to show that there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Lunch v. Props., 140 F.3d at 625. The defendant has proffered nothing more than a generic affidavit from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of owning an "account" which would give them permissible purpose to obtain plaintiff's credit report.

WHEREFORE, because the Defendant has failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendant's motion for summary judgment, strike the Defendant's declaration and allow Plaintiff's claim, to move forward to trial on the merits.

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, FL
33401
Tel.: 561-329-2524
Email: john@pinson.com

8

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed July 16, 2012

_____
John Pinson

Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

Counsel of Record for the Defendants
COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA.

9

## AFFIDAVIT

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 9:12-cv-80407-KLR John Pinson v. COLLECTO, INC. d/b/a COMMECTION COMPANY OF AMERICA:

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA is the owner of any account of John Pinson.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA was referred any account of John Pinson as stated in the declaration of John Burns.

3. The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA acquired any account of John Pinson from ATT as stated in the declaration of John Burns.

4. The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA was referred any account of John Pinson from ATT as stated in the declaration of John Burns.

5.  The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that COLLECTO acquired any interest in any account of John Pinson from ATT as stated in the declaration of John Burns.

6.  That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any account of John Pinson that originated with ATT where there is any balance due and owing that could be collected by COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA.

7.  That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for the defendant and/or their counsel in Case No. 9:12-cv-80407-KLR in the United States District Court for the Southern District of Florida, West Palm Beach Division to obtain the credit report of John Pinson.

8.  That Affiant/Plaintiff at no time gave permission to COLLECTO, INC d/b/a COLLECTION COMPANY OF AMERICA to obtain his credit report.

## NOTARY'S VERIFICATION

STATE OF FLORIDA

COUNTY OF PALM BEACH

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

11

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing

statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these

beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in West Palm Beach, Florida

July 16, 2012

John Pinson

Name of Notary: Deborah S. Gambarrotti

Signature of Notary: Deborah S. Gambarrotti

Seal



DEBORAH S GAMBARROTTI
COMMISSION # DD914593
EXPIRES AUG 6 2013
BONDED THROUGH
RLI INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed July 16, 2012

_____

John Pinson

Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

Counsel of Record for the Defendants
COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA.

13