IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISON

CASE NO.: 12-CV-80407-RYSKAMP/VITUNAC

JOHN PINSON,

    Plaintiff,

vs.

COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA.

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO DEFEDNANTS' MOTION FOR
SUMMARY JUDGMENT [DE 16] AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA (hereinafter "Defendant"), by and through its undersigned counsel, pursuant to Local Rule 7.01(c), and hereby files this, Defendant's Reply to Plaintiff Memorandum in Opposition to Defendant's Motion for Summary Judgment [DE 16] and Incorporated Memorandum of Law, and states the following in support thereof:

In his opposition to Defendant's Motion for Summary Judgment, Plaintiff appears to advance two arguments. First, the Plaintiff asserts that Defendant has failed to meet the required burden of showing the absence of any genuine issue of material fact. Second, the Plaintiff asserts that the arguments advanced by Defendant in support of its Motion for Summary Judgment are unsupported by admissible evidence. As demonstrated below, there is no basis for either of these positions, and thus, Defendant is entitled judgment as a matter of law with respect to all of Plaintiff's claims.

### I.     Plaintiff's Hearsay Argument

Plaintiff's opposition purports to raise hearsay objections to the facts and exhibits contained within the Declaration of John Burns. *See*, Plaintiff's Opposition at ¶¶ 16, 23, and 29. Plaintiff fails, however, to recognize the existence of the business records exception to the hearsay rule and its progeny. Because the facts and documents referenced in the Declaration of John Burns qualify under the business records exception to the hearsay rule, Plaintiff's position that these facts are not properly authenticated must fail.

Federal Rule of Evidence 803(6) provides that regularly kept business records may be admitted to prove the truth of the matters asserted therein because they are presumed to be exceptionally reliable. *U.S. v. Emenogha,* 1 F.3d 473, 483-484 (7th Cir. 1993). "The admissibility of business records is entrusted to the broad discretion of the trial court, and the court's ruling will not be disturbed absent an abuse of discretion." *Id.* "Foundation under the business record exception to the hearsay rule may be supplied by a custodian of records or 'other qualified' witness who has no personal knowledge regarding the creation of the document." *United States v. Kail,* 804 F.2d 441, 448 (8th Cir.1986). It is not necessary under the new federal rules of evidence that the declarant be present if the knowledge of the custodian of the record demonstrates that a document has been prepared and kept in the course of a regularly conducted business activity. *U.S. v. Pfeiffer*, 539 F.2d 668, 671 (8th Cir. 1976). As long as the other requirements of the business records exception are met, a custodian or "other qualified witness" need not have personal knowledge regarding the creation of the document offered, or personally participate in its creation, or even know who actually recorded the information. *United States v. Franks,* 939 F.2d 600, 602 (8th Cir.1991). "The phrase 'qualified witness' is to be broadly interpreted as requiring only someone who understands the system" and personal knowledge of

business records may be inferred from a declarant's position within a company. *Moore,* 791 F.2d at 575, citing *Keplinger,* 776 F.2d at 694; *Jenkins v. Hintz,* 124 F.3d 824, 831 (7th Cir. 1997). Furthermore, the business records exception to the hearsay rule found in Federal Rule of Evidence 803(6) does not require a showing of chain of custody. *Pieters v. B-Right Trucking, Inc.,* 669 F. Supp. 1463, 1465 (N.D. Ind. 1987).

In the context of business records transferred from one business to another, Courts have consistently held that the record of which a business takes custody is thereby "made" by the business within the meaning of the rule. *See*, *U.S. v. Adefehinti,* 379 U.S. App. D.C. 91, 510 F.3d 319, 326 (D.C. Cir. 2007); *Matter of Ollag Construction Equipment Corp.,* 665 F.2d 43, 46 (2nd Cir. 1981); *U.S. v. Carranco,* 551 F.2d 1197, 1200 (10th Cir. 1977).

In the instant case, the uncontroverted Declaration of John Burns provides factual evidence probative of the origin of Plaintiff's debts, the original creditor, and the circumstances surrounding the referral of the Plaintiff's debts to Defendant for collection and Defendant's subsequent procurement of Plaintiff's credit report. Additionally, because Defendant took custody of Plaintiff's AT&T bills pursuant to AT&T's referral of Plaintiff's account to Defendant for Collection, the AT&T bills are properly authenticated through the Declaration of John Burns pursuant to the business records exception to Rule 803(6). Finally, and perhaps most telling, while Plaintiff took the time to prepare and file his own affidavit, absent from Plaintiff's sworn testimony is any refutation or denial of the facts attested to in the Declaration of John Burns. Accordingly, Plaintiff's hearsay objections must fail.

## II.     No Genuine Issue of Material Fact

Federal Rule of Civil Procedure 56 provides that summary judgment is mandatory "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is not

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Once the moving party has met its initial burden, the party opposing summary judgment may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed.R.Civ.P. 56(e); *Gossett v. Du–Ra–Kel Corp.,* 569 F.2d 869, 872 (5th Cir.1978). If no such evidence is produced, "[t]he moving party is entitled to a judgment as a 'matter of law.' " *Celotex,* 477 U.S. at 323. "The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory." *Shaw v. Santa Monica Bank*, 920 F. Supp. 1080, 1084 (D. Haw. 1996) (citing *Intel Corp. v. Hartford Accident & Indemnity Co.,* 952 F.2d 1551, 1558 (9th Cir.1991)).

Through his opposition, Plaintiff attempts to point out what he believe to be a lack of "verified evidence" from the "court record", which he then attempts to couch as issues of material fact. Plaintiff has failed, however, to produce, or even allege, any facts capable of refuting the uncontroverted testimony of Plaintiff Officer, John Burns. Additionally, Plaintiff has not denied any of the facts asserted by Defendant in support of its Motion for Summary Judgment, but rather insists that Defendant's factual evidence is insufficient. Plaintiff's opposition merely attempts to discredit the facts asserted by Defendant without offering any relevant facts of his own.

For example, in paragraph eleven of Plaintiff's opposition, Plaintiff states that "[t]here are no documents purporting to evidence transfer of ownership of the alleged 'accounts' to COLLECTO or any other documentation showing the actual existence of any alleged 'accounts' from ATT or any other entity alleged to be in the chain of ownership." Plaintiff has apparently

overlooked the fact that the Declaration of John Burns filed in support of Defendant's Motion for Summary Judgment is itself evidence probative of the fact that AT&T referred Plaintiff's accounts to Defendant for collection. *See*, Declaration of Burns at ¶¶ 5 and 6. Moreover, Defendant has never alleged that there was a "transfer of ownership" and thus the absence of proof thereof is immaterial. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, because Plaintiff has failed to offer specific facts which would create a genuine issue of material fact as to the existence of his AT&T accounts or the referral of these accounts to Defendant for collection, summary judgment is proper.

Similarly, in paragraph twelve of his opposition, Plaintiff alleges that "[t]he declaration filed by the defendant refers to transactions involving referral or referral of ownership of the alleged 'accounts' where there is no verified evidence of such that has been made part of the record or entered into evidence as exhibits." Again, Plaintiff fails to recognize that the Declaration of John Burns is in fact "verified evidence" that is currently in the "record." Plaintiff has offered no evidence of his own contrary to the facts established by Mr. Burns' Declaration nor has he moved to strike the Declaration. Accordingly, summary judgment is appropriate as it cannot be argued that a mere disagreement about a material issue of fact precludes summary judgment. *See, California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

In paragraph thirteen of his opposition, Plaintiff states "[t]here is no statement made in the declaration as to what type of alleged 'accounts' (ie demand, deposit, asset, credit, etc) the defendants are referring to as being referred to COLLECTO which could give them any

permissible purpose to pull the credit report of the Plaintiff even if such 'accounts' existed which has not been established through verified evidence before the court." The declaration does, however, attest to the fact that Plaintiff's AT&T accounts were for "unpaid telephone services." *See,* Declaration of Burns at ¶ 7. This testimony offered by Defendant has not been refuted or denied by Plaintiff, and as fully detailed in Defendant's Motion for Summary Judgment, the fact that Plaintiff's accounts represented unpaid telephone services conclusively demonstrates that these accounts constitute credit transactions involving the Plaintiff.

Finally, in paragraph fourteen of Plaintiff's opposition, Plaintiff states "[t]here is no verified evidence in any form that has been entered into the court record showing the account numbers, amounts alleged to be due, dates of origination of the alleged 'accounts', current status, or dates and terms of referral or transfer of ownership of the alleged 'accounts'." Again, the Plaintiff fails to recognize that the uncontroverted, sworn testimony of John Burns establishes that the Plaintiff's AT&T accounts were referred to Defendant for collection on November 13, 2009 and March 30, 2010. Moreover, Defendant needs only to establish two elements to prevail on Summary Judgment; (1) that there was a credit transaction involving the consumer; and (2) Defendant's actions involved extension to, or review or collection of an account of, the consumer. Thus, the alleged absence of evidence showing "account numbers", "amounts due" or "current status" is irrelevant to the ultimate issue before the court and cannot be the basis of genuine issue of material fact. *See*, *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 953 (9th Cir. 1978)(holding that "if the factual dispute is immaterial, it cannot be held to bar the granting of summary judgment.")

Plaintiff has also offered his own affidavit in which Plaintiff testifies that he "is not in receipt… nor is there anything on the record made, that would show or prove" various facts attested to in the Declaration of John Burns. Plaintiff seems to have confused his role as a party to the instant action with that of the trier of fact. Contrary to Plaintiff's testimony, Plaintiff is in receipt, and there exists in the record, the sworn testimony of Defendant's Vice President of Corporate Services which offers evidence sufficient to defeat Plaintiff's claims. Moreover, Plaintiff's affidavit contains no denial that the AT&T accounts referenced in Mr. Burns' declaration are his, nor does Plaintiff deny that he was involved in a consensual credit transaction with the original creditor. Because Plaintiff has offered no factual evidence capable of substantiating his cause of action in light of the Defendant's testimony, it is readily discernable that Plaintiff will not be able to carry his burden at trial, and thus summary judgment is proper. "When the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment and after the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists 'a trial worthy issue as to some material fact.'" *Delanoy v. Aerotek, Inc.*, 614 F. Supp. 2d 200, 205 (D.P.R. 2009) (citing *Cortes-Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997)).

WHEREFORE, Defendant respectfully requests an order from this Honorable Court granting Defendant Motion for Summary Judgment and Dismissing Plaintiff's Complaint with Prejudice.

    Respectfully submitted by:
    Dale T. Golden
    **GOLDEN & SCAZ, PLLC**
    Dale T. Golden, Esquire
    FBN:  0094080
    201 North Armenia Avenue
    Tampa, FL 33609

        Phone:  813-251-5500
        Fax: 813-251-3675
        Email: dale.golden@goldenscaz.com
        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day via Fist Class U.S. Mail on Plaintiff, John Pinson, pro se, at 526 Westwood Road, West Palm Beach, Florida 33401.

        /s/ Dale T. Golden
        DALE T. GOLDEN, ESQUIRE
        Florida Bar No. 0094080