IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-CV-80407-KLR

JOHN PINSON,

    Plaintiff,

vs.

COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA.

    Defendant.
_____/



Exhibit "A"

# PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE TO BE ANSWERED BY THE DEFENDANT, COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA. UNDER OATH

**To: COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA.**

    Through its attorney of record: Dale T. Golden of Golden & Scaz, PLLC.

    Via U.S. Certified Mail # 7011 3500 0002 1529 6572 Return Receipt Requested

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.,* of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## GENERAL INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## **CONDITIONS**

A. "Identify" when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.
B. "Identify" when used in connection with documents shall mean the identification in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.
C. "Representatives" include attorneys, employees, agents or other persons acting on your behalf.
D. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

E. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

F. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1. "You" includes COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA., the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. You may also be referenced herein simply as "COLLECTO."

2. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meeting or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

a. The nature of the document (e.g., letter, memorandum, contract, etc.);
b. The author or sender of the document;
c. The recipient of the document;

    d. The date the document was authored, sent, and/or received; and
    e. The reason such document is allegedly privileged.

3. "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.
4. "And" as well as "for" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.
5. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.
6. "Concerning" as used herein, shall include, but not be limited to:" referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.
7. The term "ACCOUNT" refers to the alleged account (s) at issue in this action.

## INTERROGATORY INSTRUCTIONS

I. Interrogatories shall be answered in writing under oath by the party upon who served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.
II. Within 30 days, each question shall be answered separately, fully, and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.
III. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.
IV. The party who is served with the interrogatories shall serve his answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

V. The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

VI. If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

VII. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objection party to notify the Clerk and request a hearing on such objections as remain unsettled.

VIII. Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

IX. It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

X. In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which is any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

XI. If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1) Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description,

the author and address) and indicate to the best of your ability its present or last known location or custodian.

2) If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3) If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4) All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5) You are reasonably to supplement your responses as required by Rule.

6) Legible copies are requested to be produced in all instances.

7) If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8) When you are asked to "List all documents and the location thereof relating or referring to ….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## **INTERROGATORIES**

1. Please describe in detail whether COLLECTO has at any time purchased evidence of alleged debt from any entity that you allege would give you permissible purpose for obtaining the credit reports of the Plaintiff.

ANSWER:

2. Please describe what specific documents you are aware of and have in your possession which supports your defense of having a permissible purpose to obtain Plaintiff's credit reports.

ANSWER:

3. Identify each person whom you may call as an expert witness at trial including full name, business address, business telephone number, home address and home

telephone number, and the substance of the facts and opinions to which the expert may testify and summarize the grounds for each opinion.

ANSWER:

4. State all of the facts and describe all actions you took including but not limited to correspondence and communications with any consumer reporting agency, creditor, or potential creditor, with regard to or which in any way references Plaintiff and/or any alleged account for Plaintiff for which you are claiming to have/had permissible purpose to obtain Plaintiff's credit report.

ANSWER:

5. Describe in detail your exact procedures designed to assure the maximum possible accuracy of the information you use to ensure the fulfillment of your duty to ascertain if there was any permissible purpose before obtaining Plaintiff's credit report.

ANSWER:

6. Describe in detail your exact procedures designed to assure the proper re-investigation of disputed consumer data and the overall accuracy of the information used.

ANSWER:

7. Describe in detail any verifiable, bona fide, Original contract between any entity and Plaintiff containing Plaintiff's signature creating any obligation that COLLECTO could have any right to collect.

ANSWER:

8. If you, or anyone on your behalf, have destroyed or disposed of any documents or recordings which would be responsive to any discovery request made by plaintiff list the documents or recordings, what it was, what discovery request it applied to, the name of the person destroying or otherwise disposing of or transferring the documents or recordings, whether a duplicate was made and if so where it is and provide the date of such destruction or disposition and provide a copy of such documents or recordings if they exist.

ANSWER:

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this \_\_\_\_\_ day of _____, 2012.

_____
Signature

_____
Print Full Name

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this \_\_\_\_\_ day of _____, 2012, by _____, who is personally known to me or who produced _____, as identification and did take an oath.

NOTARY PUBLIC

SIGN: _____

PRINT: _____

My Commission Expires:

State of _____ at Large (Seal):

## **PRODUCTION OF DOCUMENTS**

A. Produce for inspection and copying each **original** document in your custody or control which supports your claims of having a permissible purpose to obtain Plaintiff's credit report including but not limited to any **original** evidence of debt with any other entity.
B. Please provide any documents or copies of documents relating to the request made in Interrogatory paragraph one (1)
C. Provide any and all documents relative to Interrogatory number six (6)
D. Please provide a copy of the bill of sale wherein COLLECTO purchased or acquired evidence of debt related in any manner to the Plaintiff.

Dated: August 15, 2012

_____
John Pinson
526 Westwood Road
West Palm Beach, FL 33401
Tel.: 561-329-2524
Email: john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE via First Class United States Certified Mail # 7011 3500 0002 1529 6572 Return Receipt Requested to the party listed below.

Dated: August 15, 2012

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
Tel.: 561-329-2524
Email: john@pinson.com

Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

Counsel of Record for the Defendants
COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA.